**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMAN KUMAR (A No. 245-450-011), | Case No. 1:26-cv-03858-JLT-SAB |
| Petitioner, | ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT[1] |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | (Docs. 1, 2) |

I.      INTRODUCTION

Before the Court is Aman Kumar's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) Respondents filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) because he was charged with a crime resulting in serious bodily injury to another person. [2] (*See generally,* Doc. 6.) Having carefully considered the parties' submissions, and for

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 4.) Neither party requests a hearing or additional briefing, and Respondents indicate that do not oppose the Court ruling on the habeas petition without further briefing. (Doc. 6 at 1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is citizen of India who entered the United States without inspection on November 8, 2023, near Tecate, California. (Doc. 1 at 2; Doc. 6-1 at 2.) The U.S. Department of Homeland Security, Customs and Border Protection, Border Patrol apprehended Petitioner, and on or about November 11, 2023, issued him a Form I-862, Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as well as a Form I-200, Warrant for Arrest of Alien, and released him on an Order of Release on Recognizance. (Doc. 6-2; Doc. 6-3.)

On or about April 29, 2026, while driving a vehicle, he struck a child, which resulted in serious injuries to the child, then left the scene. (Doc. 6-4.) Petitioner was arrested by the Fresno Police Department for Hit and Run Resulting in Death or Injury, in violation of California Vehicle Code section 20001(a). *Id*. On May 8, 2026, a criminal complaint was filed for this event, charging Petitioner with Leaving the Scene of an Accident Resulting in Death or Permanent Serious Injury, in violation of CVC 20001(b)(2). *Id*. On May 13, 2026, ICE detained Petitioner for the pendency of his removal proceedings. (Doc. 6-5.)

On May 19, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for TRO. (Docs. 1, 2.) On May 20, 2026, this Court issued a Minute Order calling for the filing of an opposition and reply related to the TRO. (Doc. 4.) On May 15, 2026, Respondents filed an opposition, (Doc. 6), and Petitioner did not file a reply. In his habeas petition, Petitioner argues that Respondents violated the Fifth Amendment and that he is entitled to immediate release, as well as a pre-deprivation hearing and notice in the event of future

---

[2] Respondents move to strike and dismiss all unlawfully named officials. (Doc. 6, n.1.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named his immediate custodian as a Respondent, the Court **DENIES** Respondents' request.

detention.  (*See* Doc. 1 at 2.) In opposition, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). (*See generally*, Doc. 6.) Petitioner has now been detained for approximately three weeks at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2; Doc. 6 at 2.)

### III.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 15-16.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

### IV.    DISCUSSION

Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal proceedings are pending. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Section 1226(c)(1)(E) of the Immigration and Nationality Act mandates the detention of

inadmissible noncitizens "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). In California -- where Petitioner was arrested and charged -- a "serious bodily injury" is defined as "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement." Cal. Penal Code § 243(f)(4) (West 2025).

This Court agrees with Respondents that Petitioner has been detained based on his criminal record and is therefore subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E).[3] On its face, the crime Petitioner is facing requires that the victim suffer "permanent, serious injury," which is defined as "the loss or permanent impairment of function of a bodily member or organ." Cal. Vehicle Code § 20001(d).[4] According to the April 29, 2026, arrest report, "[Petitioner] was driving his vehicle and struck a child in the roadway causing serious injuries. [Petitioner] admitted to leaving the scene…" (Doc. 6-4 at 1.) Given that Petitioner was arrested and charged a crime that resulted in serious bodily injury to another person and was found to be inadmissible pursuant to § 1182(a)(6)(A)(i), the Court finds Petitioner's detention is mandatory

---

[3] Petitioner makes no reference to the arrest or subsequent charges in his briefings and did not provide a rebuttal to Respondents' assertion that he is detained pursuant to § 1226(c)(1)(E).

[4] This Court has previously addressed a habeas petition filed by an immigration detainee who had been arrested for a felony Hit and Run causing death or injury in violation of California Vehicle Code § 20001(a). *See Singh v. Andrews*, No. 1:26-CV-02227-JLT-FJS, 2026 WL 912908 at *2, n.3. (E.D. Cal. Apr. 2, 2026). *Singh*, however, is distinguishable from the present case given that (1) it was unclear from the record whether the Petitioner was ever formally charged pursuant to California Vehicle Code § 20001(a) and (2) Respondents did not argue that Petitioner was detained pursuant to § 1226(c)(1)(E). Courts in this District have found "requiring mandatory detention because of a mere arrest for which prosecutors concluded they did not have sufficient evidence to charge Petitioner with a crime, raises serious due process concerns." *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026); *see also Cobis-Gamboa v. Warden*, No. 2:26-CV-0658 DC CKD P, 2026 WL 1133342, at *2 (E.D. Cal. Apr. 27, 2026) ("[A]llowing mandatory detention based upon arrest alone would essentially be a finding that [P]etitioner is entitled to no due process protection over and above what is granted by statute.") Relying on a similar logic, this Court found that the Petitioner in *Singh* was detained pursuant to § 1226(a) rather than § 1226(c)(1)(E) and ordered Respondents to provide Petitioner with a bond hearing.

under 8 U.S.C. § 1226(c)(1)(E) and that he is not entitled to immediate release or a bond hearing.[5]

## V.      CONCLUSION AND ORDER

1.      Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.      Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as moot.

3.      The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **June 12, 2026**

UNITED STATES DISTRICT JUDGE

---

[5] If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877–82 (E.D. Cal. 2022) (finding that petitioner's one-year detention under § 1226(c) entitled him to a bond hearing). Because Petitioner has only been detained for approximately three weeks, any such argument is premature